## THE MERCHANTS' INSURANCE COMPANY OF THE CITY OF NEW YORK *a.* HINMAN.

*Supreme Court, First District; Special Term, April,* 1857.

STATUTORY CONSTRUCTION.—"NEXT OF KIN."

The words "next of kin," as employed in 2 Revised Statutes, 89, § 45,—which permits creditors of persons deceased to recover from the next of kin,—embrace all relatives of the deceased entitled to share in the assets of his estate; and so embrace his widow.

Where a widow has received a portion of the assets of the estate of her deceased husband, a creditor having neglected to present his claim to the administrator during the six months allowed therefor by law, may maintain an action upon his claim, against the widow, to the extent of the assets so received by her.

Demurrer to a complaint.

This action was brought by The Merchants' Insurance Company against Richard H. Hinman and his wife, formerly the wife of Thomas Lewis, deceased. The grounds of the action appear in the opinion.

ROOSEVELT, J.—The plaintiff's claim is founded on a bond of Thomas Lewis, deceased, for $20,000. Although secured by a mortgage, which has been regularly foreclosed, a large balance, exceeding $7,000, remains unsatisfied; and it is insisted that the widow, as well as the other next of kin of the deceased

mortgagor (his personal estate having been divided among them) are bound to refund to the extent of the plaintiff's claim. The widow and her second husband, she having married again, demur to the demand, and thus admit the allegation made in the complaint, that they received, or rather that she, as widow of the deceased intestate, received of his personal estate $18,109, a sum, as will be seen, greatly beyond what is necessary to meet the required contribution. The case, therefore, presents the single question, whether a widow, who has received her distributive share of her deceased husband's personal estate, is, under any circumstances, bound by law to refund?

Where a party dies intestate, the statute provides (2 *Rev. Stats.*, 96) that "the surplus of his personal estate remaining after payment of debts, shall be distributed to the widow, children, or next of kin." Creditors, therefore, before a distribution, it is obvious, have the prior claim in law as in moral honesty.

Does the fact of distribution, so far at least as the widow is concerned, destroy their rights, or, which is the same thing, deprive them of all remedy? In case any suit shall be brought upon a claim which shall not have been presented to the administrator of a deceased person within six months from the first publication of the notice prescribed by law, it is provided (2 *Rev. Stats.*, 89) that such administrator shall not be chargeable for any assets he may have paid "in making distribution to the next of kin, before such suit was commenced;" "but any creditor" (*Ib.*, § 45) "who may have neglected to present his claims may, notwithstanding, recover the same, in the manner prescribed by law, of the *next of kin* of the deceased to whom any assets shall have been paid or distributed." What, then, is the manner prescribed by law, and who are the next of kin intended to be made liable? Actions (says the statute regulating the remedies of creditors in such cases) against "the next of kin" of any deceased person, to recover the value of any assets that may have been paid to them, may be brought against any of the "said relatives" jointly, or one or more of them, for the amount received by each of them (2 *Rev. Stats.*, 451). And no allowance or deduction is to be made on account of there being "other relatives" to whom assets have also been delivered. But any one "of the next of kin" so made liable may maintain an action against "all the other relatives of the testator" who may have

received any portion of the assets, or against any of them separately, " for a just and equal contribution."

It will thus be seen that the term " next of kin" in these provisions is not used in its strict sense of blood relatives, but with the more enlarged meaning of " all relatives" of the testator " to whom any assets shall have been paid." The Legislature would appear to have had in view not so much the kinship as the relationship, be it that of blood or marriage, which constituted, in the eye of the law, a basis for the claim to a distributive share. The obligation was attached to the right—the burden to the bounty. Numerous instances of the judicial use of the term next of kin, in the sense indicated, will be found cited by counsel in the case of Barry v. Wright* (18 Ves., 50). All the authorities—although somewhat conflicting in other respects —agree in this, that the words may be interpreted in that sense if the context of the statute or instrument would seem to require such an interpretation. Now there is no reasonable mode of effectuating the provision that the widow as well as the other relatives of deceased persons is only to take the assets " remaining after the payment of debts," except by the construction contended for. Suppose a case—and such cases are not of unfrequent occurrence—in which the widow, no matter how large the estate, takes the whole. In such case, unless she can be made liable as a relative or next of kin, the creditor, in twelve months after his debtor's decease, may be wholly remediless. Such a statute of limitations, with no saving in favor of absentees or minors, or victims of accident, would be too rigorous for endurance. No legislature should be presumed to have so exercised its power. Her own rights, also, as well as the rights of her husband's creditors, require that the widow should, in some respects at least, be treated as one of his next of kin. Among other instances, the notice of appraisement is only required to be served on " the next of kin" (2 Rev. Stats., 82). The right to demand an accounting is confined to the creditors and " next of kin" (Ib., 92). The right to be cited to attend an accounting is limited to the " creditors and next of kin" (Ib., 93). Can it be presumed that the widow, having generally the larger, and some-

---

* Compare also Garrick v. Lord Camden, 14 Ves., 372 ; Wimbles v. Pitcher, 12 Ib., 433 ; Anderson v. Dawson, 15 Ib., 537 ; Smith v. Campbell, 19 Ib., 404.

times the sole interest in the appraisement or accounting, was intended, in these provisions, to be entirely overlooked? A careful examination and comparison of the different sections of the several statutes on the subject, have led me to the conclusion that the terms "next of kin" are sometimes used as comprehending the widow, and sometimes as contradistinguished from her; that their true meaning, in any given instance, must depend upon the context and the consequences; and that in the section more particularly under consideration, she was intended to be embraced in the same manner as other relatives receiving portions of the estate.

Demurrer overruled, and judgment for plaintiff, with costs.